UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                                            :        Chapter 11

GINKO ASSOCIATES, L.P.                         :

      Debtor                                     :        Bankruptcy No. 05-19436bf

................................................

STATEMENT OF REASONS IN SUPPORT OF ORDER

................................................

AND NOW, upon motion of the above-captioned chapter 11 debtor for the entry of a final decree pursuant to Fed. R. Bankr. P. 3022,

And upon consideration of the opposition of the Commonwealth of Pennsylvania thereto,

And the debtor filed this chapter 11 case on July 11, 2005,

And on May 17, 2006, the debtor's modified second amended plan was confirmed. This plan was to be funded by the sale of the debtor's real properties. See Confirmed Plan, ¶ 5.8. The debtor also promised:

> In connection with the Plan and all instruments issued and distributions made pursuant to the Plan, the Debtor will comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority and all distributions made pursuant to the Plan will be subject to any such withholding and reporting requirements.

Confirmed Plan, ¶ 13.7,

And the confirmed plan further provided:

> Unfiled Tax Returns. On or before June 8, 2006, the debtor, Moondance Partners, Skylark Property, and Mortar, Inc. shall file all unfiled state and federal tax returns. Until such returns are filed, the Disbursing Agent may only make disbursements to Class 1 to 5. If the unfiled returns are not filed by June 8, 2006, the Disbursing Agent shall pay $10,000 to the

>   Commonwealth of Pennsylvania for deposit towards taxes of
>   Mortar, Inc. and then to Wilson O. Rigdon, Jr. and Wilson O.
>   Rigdon, III.  If the returns are not filed by July 8, 2006, an
>   additional $10,000 shall be paid to the Commonwealth to be
>   applied as set forth above.  Commencing on August 8, 2006
>   and continuing monthly until the returns are filed the
>   Disbursing Agent shall deposit $15,000 with the
>   Commonwealth.  These deposits shall be first applied to any
>   taxes from the entities to the Commonwealth, then to taxes
>   due from the individuals to the Commonwealth with any
>   excess returned to the individuals.

Confirmed Plan, ¶ 4.3,

And finally, the approved plan contained a provision regarding the entry of a final decree:

>   After final distributions are made, the Disbursing Agent shall
>   file a Motion to close the case and request that a final decree
>   be issued. Debtor shall file all interim and final plan
>   implementation reports and pay any fees to the Office of the
>   U.S. Trustee.

Confirmed Plan, ¶ 5.5,

And it is agreed that the debtor has tendered all distributions required under the confirmed plan, has submitted all interim and final plan implementation reports, paid all quarterly fees due to the United States trustee, and has filed all unfiled tax returns due under paragraph 4.3 of the confirmed plan.  Thus, consistent with paragraph 5.5 of the confirmed plan, the debtor now seeks the entry of a final decree, which relief is unopposed by the United States trustee,

And such final decree is opposed by the Commonwealth of Pennsylvania solely on the basis that the debtor "has not filed its 2007 and 2008 state tax returns (Form PA-20S/PA-65),

And these missing tax returns are filed for informational purposes and do not result in any tax liability for the debtor.[1] See Commonwealth's Memorandum, at 4,

And the Commonwealth acknowledges that the confirmed modified second amended plan "did not include any language requiring the Debtor to stay current on the filing of its post-petition/post-confirmation Pennsylvania tax returns." Commonwealth's Memorandum, at 3,

And Fed. R. Bankr. P. 3022 provides:

> After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case.

And the Advisory Committee Note to Rule 3022 states in relevant part:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Advisory Committee Notes (1991),

And the Sixth Circuit Court of Appeals has observed:

> Bankruptcy Rule 3022 is intended to allow bankruptcy courts flexibility in determining whether an estate is fully

---

[1] This form is styled "PA S CORPORATION/PARTNERSHIP INFORMATION RETURN." See www.revenue.state.pa.us/revenue/lib/revenue/2007pa-20s-pa-65.pdf.

3

>administered. . . . A court should review each request for entry
>of a final decree on a case-by-case basis and analyze the
>factors set forth in Rule 3022, along with any other relevant
>factors, in determining whether an estate has been fully
>administered. . . .  However, not all the factors set forth in the
>Advisory Committee Note need to be present to establish that
>a case is fully administered for final decree purposes.

In re Federated Department Stores, Inc., 43 Fed. Appx. 820, 822 (6th Cir. 2002) (citations omitted),

And all factors just mentioned have occurred in this chapter 11 case (except for #2, as no deposits were required),[2]

And the Commonwealth contends that confirmation of a chapter 11 plan does not exonerate a debtor from compliance with state law obligations.  Nevertheless, the Commonwealth has its own measures to compel the filing of postconfirmation state tax returns, which measures would be unaffected by the entry of a final decree.  See id. at 822 (final decree was appropriate as the chapter 11 case was fully administered; unresolved personal injury claims can be determined in a non-bankruptcy forum),

And, as all creditors have been paid and the debtor has complied with all of the terms of its confirmed plan, the entry of a final decree is appropriate as this case has been fully administered.  See Westridge v. Chestnut Street Condominiums, Inc., 169 B.R. 594, 596 (E.D. La. 1994) ("The record discloses that the Plan was carried out and all creditors under the Plan were paid 100% of amounts due them, including Westridge.  Therefore, the Bankruptcy Court did not err in granting Debtor's Motion for Final Decree."),

---

[2]The Commonwealth suggests the counter-intuitive argument that a dispute whether a final decree should be entered means that all contested matters have not been finally resolved.

4

Accordingly, an order constituting a final decree shall be entered.[3]

*Bruce Fox*
_____
BRUCE FOX
United States Bankruptcy Judge

Dated: June 25, 2009

---

[3]The Commonwealth relies upon Holywell Corp. v. Smith, 503 U.S. 47 (1992). That decision concerned "whether a trustee appointed to liquidate and distribute property as part of a Chapter 11 bankruptcy plan must file income tax returns and pay income tax under the Internal Revenue Code." Id., at 50. The confirmed plan contained no express requirement that "the trustee had to file income tax returns or pay any income tax due." Id., at 51.

In Holywell, after the trustee sold real property belonging to the debtor in accordance with the confirmed plan, a dispute arose whether the debtor or the trustee was responsible for payment of the capital gains tax arising from the sale. Id., at 51. The trustee "sought a declaratory judgment from the Bankruptcy Court that he had no duty to file income tax returns or pay income tax under the federal income tax laws. The United States and the debtors opposed the action." Id., at 51.

This Holywell decision resolving a tax liability dispute initiated in bankruptcy court between a bankruptcy trustee and a debtor is not apposite. Here, the debtor does not dispute its state law obligation to file informational tax returns. The issue posed is whether this bankruptcy case must remain open, despite the compete administration of this chapter 11 case, to enable the Commonwealth to enforce that obligation in this court rather than through a state administrative or court process.

Similarly, the Commonwealth's reliance upon 11 U.S.C. § 1112(b)(4)(I) is unpersuasive. That provision, which states that cause to convert or dismiss a chapter 11 case may arise owing to the debtor's "failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief," was effective October 17 2005, after this bankruptcy case commenced, and thus is not applicable. Furthermore, application of section 1112 prior to its amendment in October 2005 was understood to be discretionary. See, e.g., In re American Capital Equipment, LLC, 2008 WL 4597221, at *2 (3d Cir. 2008) (non-precedential); In re PPI Enterprises (U.S.), Inc., 324 F.3d 197, 211 (3d Cir. 2003). Generally, a court should consider the "totality of the circumstances" in considering relief under section 1112(b). See Perlin v. Hitachi Capital America Corp., 497 F.3d 364, 372 (3d Cir. 2007). As noted above, the Commonwealth is free to enforce state tax law after the final decree has been entered.

Finally, the Commonwealth's reliance upon chapter 13 reorganization cases is inapplicable. The structure of chapter 13 and chapter 11 are significantly different and thus only chapter 11 cases result in final decrees. Compare Rule 3022 with Rule 5009; see generally In re Johnson, 402 B.R. 851, 854 (Bankr. N.D. Ind. 2009) (discussing differences between chapter 13 and chapter 11 cases and noting the "long-standing policy of closing Chapter 11 cases soon after confirmation").